THE GREYHOUND CORP., APPELLANT, *v.* JEFFERY, DIR., ET AL., APPELLEES.[*]

(No. 6426—Decided February 21, 1961.)

*Messrs. George, Greek, King & McMahon* and *Mr. Kiehner Johnson,* for appellant.

*Mr. Mark McElroy,* attorney general, *Mr. William P. Meehan, Mr. Richard F. Swope* and *Mr. Edward T. Schreiner,* for appellees.

[*]Motion to certify the record overruled, May 3, 1961.

*Per Curiam.* This is an appeal on questions of law from the judgment and final order of the Court of Common Pleas of Franklin County, Ohio, in favor of the defendants, appellees herein, Gordon Jeffery, Director, Ohio Department of Highway Safety, and others, and against plaintiff, appellant herein, The Greyhound Corporation.

The proceeding was begun by the filing of a petition for declaratory judgment as to the meaning, scope and application of Section 4503.04 (F) of the Revised Code. This section reads in part as follows:

"(F) For each transit bus having motor power the license tax is ten dollars;

" 'Transit bus' means either a motor vehicle having a seating capacity of more than seven persons which is operated and used by any person in the rendition of a public mass transportation service primarily in a municipality or municipalities and provided at least seventy-five per cent of the annual mileage of such service and use shall be within such municipality * * *.

"The application for registration of such transit bus shall be accompanied by an affidavit prescribed by the registrar of motor vehicles and signed by the person or an agent of the firm or corporation operating such bus stating that the bus has a seating capacity of more than seven persons, and that it is either to be operated and used in the rendition of a public mass transportation service and that at least seventy-five per cent of the annual mileage of such operation and use shall be within one or more municipalities * * *."

Plaintiff in its brief says the question for determination is as follows:

"The sole question for determination in this matter is whether or not a bus which travels more than 75% of its total miles within municipalities which are contiguous or in close proximity and all within a metropolitan area, and which transports persons within and between such municipalities to the employment, shopping and service centers of the metropolitan areas, is a transit bus as defined by Section 4503.04 (F), Revised Code."

Defendants for their part contend the question presented is as follows:

"Is the picking up and discharging of passengers whose total ride happens to be along plaintiff's P. U. C. O. route through a municipality or municipalities the 'rendition of a public mass transportation service primarily in a municipality or municipalities' as required by Section 4503.04(F), Revised Code?"

The lower court in construing the section of the Revised Code in question appears to have interpreted the phrase, "in the rendition of a public mass transportation service primarily in a municipality or municipalities," as meaning that the one engaged in furnishing the service must be primarily engaged in so doing within the limits of a municipality. If this result were intended by the Legislature, it would have been unnecessary to include the words, "or municipalities," in the statute in question.

This court being of the opinion that plaintiff qualified for inclusion in the class described in Section 4503.04 (F), *supra*, it follows that, in our opinion, the first assignment of error is well taken and the judgment must be reversed and set aside and the cause remanded to the court below for further proceedings according to law.

*Judgment reversed.*

Duffey, P. J., Bryant and Duffy, JJ., concur.